**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: Apple Inc. Smartphone Antitrust Litigation** | MDL No. 3113 |

**PLAINTIFFS AMENDED MOTION TO TRANSFER ACTIONS TO**
**THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**
**FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Judicial Panel on Multidistrict Litigation ("JPML") Rules of Procedure, Plaintiffs Jennifer B. Chiuchiarelli, April H. Yamaichi, Kiyomi Ishii, and Richard K. Hopper in the proposed class action *Chiuchiarelli, et al. v. Apple, Inc.*, No. 5:24-cv-01895-SK (N.D. Cal.), respectfully moves for an order transferring the 10 putative class actions listed on the attached Amended Schedule of Actions (the "Related Actions:"), as well as any tag-along actions or other cases that may be filed asserting related or similar claims, to the Northern District of California for coordinated or consolidated pretrial proceedings.

Transfer for the purpose of consolidated or coordinated pretrial proceedings is appropriate for the following reasons:

(1)     The Related Actions arise from a common factual core, are all brought against the same defendant, have overlapping proposed class definitions, share many common legal claims and issues, and will rely upon common evidence.

(2)     If the Related Actions are litigated in separate forums, it will lead to duplicative discovery and motion practice and will likely result in conflicting rulings, particularly with

1

regard to class certification. The Related Actions should therefore be transferred to a central forum for consolidated or coordinated pretrial proceedings, so that the complex issues in this litigation can be addressed efficiently and adjudicated consistently.

(3)    Transfer and centralization will also serve the overall convenience of the parties and witnesses, and promote the just and efficient conduct of the Related Actions, by eliminating duplicative discovery and depositions; reducing discovery-related travel, costs, and schedule conflicts; eliminating duplicative discovery disputes and motion practice; and avoiding conflicting rulings on discovery disputes—all of which will save the time and effort of the parties, counsel, witnesses, and the judiciary.

(4)    The Northern District of California is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions because it is the center of gravity of the litigation, the Northern District provides a geographically central forum in an easily accessible metropolitan area. The facts giving rise to this cause of action occurred in the Northern District of California, Defendant is located in the Northern District of California and the majority of witnesses are located in the Northern District of California.

In support of this motion, Plaintiffs are also filing herewith (1) a brief describing the background of the litigation and their factual and legal contentions, (2) a Schedule of Actions in compliance with JPML Rule 6.2(a)(ii), and (3) a copy of all complaints and docket sheets for all actions listed in the Schedule of Actions.

WHEREFORE, Plaintiffs Jennifer B. Chiuchiarelli, April H. Yamaichi, Kiyomi Ishii, and Richard K. Hopper respectfully requests that the JPML grant their motion to transfer the Related Actions from the various United States District Courts in which they are now pending to the Northern District of California.

Respectfully submitted,

Dated: April 3, 2024       _/s/ Karin B. Swope_
JOSEPH W. COTCHETT (SBN 36324)
ADAM ZAPALA (SBN 245748)
ELIZABETH CASTILLO (SBN 280502)
GRACE PARK (SBN 239928)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
gpark@cpmlegal.com

KARIN B. SWOPE (_pro hac vice forthcoming_)
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272
kswope@cpmlegal.com

Attorneys for Plaintiffs Jennifer B. Chiuchiarelli,
April H. Yamaichi, Kiyomi Ishii, and Richard K.
Hopper and the Proposed Class in _Chiuchiarelli, et al. v. Apple, Inc._, No. 3:24-cv-01895-SK (N.D. Cal.)

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Apple Inc. Smartphone Antitrust Litigation | MDL No. 3113 |

**AMENDED BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

## <u>TABLE OF CONTENTS</u>

**Page No.**

**I.    FACTUAL BACKGROUND AND OVERVIEW OF THE RELATED ACTIONS** ....... 1

    A.    Common Questions of Fact ............................................................................. 2

    B.    Common Claims, Legal Theories, and Relief Sought ........................................... 3

    C.    Similar Class Definitions ............................................................................... 4

    D.    Similar Procedural Postures ........................................................................... 4

**II.   ARGUMENT** ..................................................................................................... 4

    A.    The Related Actions Should Be Centralized for Consolidated or Coordinated Pretrial Proceedings. ..................................................................................... 5

        1.    Transfer is appropriate because the Related Actions involve complex common questions of fact and law ........................................................... 5

        2.    Transfer and centralization will promote the just and efficient conduct of the Related Actions. ............................................................................ 6

        3.    Transfer and Centralization Will Further the Convenience of the Parties and Witnesses. ............................................................................ 8

    B.    The Related Actions Should Be Transferred to and Centralized in the Northern District of California. ............................................................................ 9

**III.  CONCLUSION** .......................................................................................... **11**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*,
   857 F. Supp. 2d 1371 (J.P.M.L. 2012) ...........................................................................5

*In re Bayer Healthcare LLC, Merial Limited Flea Control Prods. Mktg. & Sales Practices Litig.*,
   844 F. Supp. 2d 1369 (2012) ..........................................................................................9

*Chiuchiarelli, et al. v. Apple Inc.*,
   No. 5:24-cv-01895 (N.D. Cal.) ...............................................................................1, 2, 3

*Collins v. Apple Inc.*,
   No. 3:24-cv-01796 (N.D. Cal.) ...............................................................................1, 2, 3

*In re Commercial Money Ctr., Inc. Equip. Lease Litig.*,
   229 F. Supp. 2d 1379 (J.P.M.L. 2002) ...........................................................................8

*In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*,
   38 F. Supp. 3d 1394 (J.P.M.L. 2014) .............................................................................7

*Dwyer v. Apple Inc.*
   No. 3:24-cv-1844 (N.D. Cal.)(Girard Sharp) .........................................................1, 2, 3

*In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*,
   No. MDL 2969, 2020 WL 7384529 (J.P.M.L. Dec. 15, 2020)........................................9

*In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*,
   398 F. Supp. 2d 1365 (J.P.M.L. 2005) ...........................................................................5

*Gelboim v. Bank of America Corp.*,
   574 U.S. 405 (2015) ....................................................................................................5, 7

*Goldfus v. Apple Inc.*,
   No. 2:24-cv-04108 (D. NJ) .....................................................................................1, 2, 3

*In re Jamster Mktg. Litig.*,
   427 F. Supp. 2d 1366 (2006) ..........................................................................................9

*Kolinskey v. Apple Inc.*
   No. 24-cv-4232 (D. NJ)..................................................................................................1

*Kurtz v. Apple Inc.*
   No. 24-4355 (N.NJ)..................................................................................................1, 2, 3

*Levine v. Apple Inc.*
   No. 24-cv-4284 (D. NJ) ...........................................................................................1, 2, 3

*In re Local TV Advert. Antitrust Litig.*,
   338 F. Supp. 3d 1341 (J.P.M.L. 2018) ...........................................................................9

*Loewen v. Apple Inc.*
No. 24-cv01988-SK (N.D. Cal)(Schneider Wallace Cottrell; Berger Montague) ........................................1, 2, 3

*In re Midwest Milk Monopolization Litig.*,
379 F. Supp. 989 (J.P.M.L. 1974) ................................................................................................8, 10

*Miller v. Apple Inc.*,
No. 5:24-cv-01988-SK (N.D. Cal) ..................................................................................................1, 2, 3

*In re Multidistrict Private Civil Treble Damage Litig. Involving Plumbing Fixtures*,
308 F. Supp. 242 (J.P.M.L. 1970) ....................................................................................................6, 7

*In re Nat'l Prescription Opiate Litig.*,
2018 U.S. Dist. LEXIS 170489 (J.P.M.L. Oct. 3, 2018) ....................................................................8

*In re Nat'l Student Mktg. Litig.*,
368 F. Supp. 1311 (J.P.M.L. 1972) ....................................................................................................5

*In re Plumbing Fixture Cases*,
298 F. Supp. 484 (J.P.M.L. 1968) ......................................................................................................7

*In re Radiation Incident at Washington*,
400 F. Supp. 1404 (J.P.M.L. 1975) ....................................................................................................5

*Schermer v. Apple Inc.*,
No. 3:24-cv-01815 (N.D. Cal.) ......................................................................................................1, 2, 3

*In re Tyson Foods, Inc. Chicken Raised Without Antibiotics Consumer Litig.*,
582 F. Supp. 1378 (J.P.M.L. 2008) ....................................................................................................7

*In re Viagra Prods. Liab. Litig.*,
414 F. Supp. 2d 1357 (2006) ..............................................................................................................9

**Statutes**

28 U.S.C. § 1407 ......................................................................................................................1, 5, 9

28 U.S.C. § 1407(a) ....................................................................................................................5, 8

California Unfair Competition Law ........................................................................................................3

New Jersey Antitrust Act ......................................................................................................................3

Sherman Act, 15 U.S.C. Section 2......................................................................................................3

**Federal Rules of Civil Procedure**

Rule 6.2......................................................................................................................................................1

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of Judicial Panel on Multidistrict Litigation ("JPML") Rules of Procedure, Plaintiffs Jennifer Chiuchiarelli, April Yamaichi, Kiyomi Ishii and Richard Hopper in the proposed class action *Chiuchiarelli, et al. v. Apple Inc.*, No. 5:24-cv-01895 (N.D. Cal.), respectfully move for an order transferring the putative class actions, not the DOJ Action, listed on the attached Schedule of Actions (the "Related Actions"), as well as any tag-along actions or other cases that may be filed asserting related or similar claims, to the Northern District of California for coordinated or consolidated pretrial proceedings.

## I.     FACTUAL BACKGROUND AND OVERVIEW OF THE RELATED ACTIONS

The Related Actions presently consist of 10 putative class actions against Apple Inc. ("Apple"), brought by 18 named Plaintiffs in two different districts. These are the *Chiuchiarelli, Collins, Schermer, Dwyer, Miller* and *Loewen* actions in the Northern District of California ("Northern District"); the *Goldfus, Kolinsky, Levine* and *Kurtz* actions in the District of New Jersey ("New Jersey"). *See* Schedule of Actions. All the Related Actions are brought by different law firms.[1] As explained below, the Related Actions involve common questions of fact, assert overlapping and often identical claims and legal theories, seek similar relief, propose similar class definitions, and are all in preliminary procedural postures.

---

[1] Plaintiffs' counsel in each of the Related Actions that are class actions as follows: (1) *Chiuchiarelli v. Apple, Inc.*, No. 5:24-cv-01895 (N.D. Cal.) (Cotchett, Pitre & McCarthy, LLP); (2) *Collins v. Apple Inc.,* No. 3:24-cv-01796 (N.D. Cal.) (Hagens Berman, Sperling & Slater); (N.D. Cal.); (3) *Schermer v. Apple Inc.,* No. 3:24-cv-01815 (N.D. Cal.) (Israel David LLC, Moya Law Firm.); (4) *Dwyer v. Apple Inc.* No. 3:24-cv-1844 (N.D. Cal.)(Girard Sharp); (5) *Loewen v. Apple Inc.* No. 24-cv01988-SK (N.D. Cal)(Schneider Wallace Cottrell; Berger Montague); (6) *Miller v. Apple Inc.*, No. 5:24-cv-01988-SK (N.D. Cal) (Kaplan Fox) (7) *Goldfus v. Apple Inc.*, No. 2:24-cv-04108 (D. NJ) (Carella Byrne Cecchi, Brody & Agnello, Hausfeld); (8) *Kolinskey v. Apple Inc.* No. 24-cv-4232 (D. NJ) (Spector Roseman & Kodroff); (9) *Levine v. Apple Inc.* No. 24-cv-4284 (D. NJ) (Barrack Rodos & Bacine); (10) *Kurtz v. Apple Inc.* No. 24-4355 (N.NJ) (Lowey Dannenberg)

A.    **Common Questions of Fact**

All of these cases commonly allege that Apple knowingly deters competition by designing iPhones to block cross-platform technologies between iPhones and Android smartphones in order increase Apple's smartphone monopoly.  While Apple claims that it has prohibited the design and installation of cross-platform technologies on its smartphone platform for purposes of "security" and "privacy" interests, Apple has engaged in course of conduct designed to deter competition in the smartphone markets in order to charge supracompetitive prices for its iPhone.

The Related Actions are brought on behalf of consumers who purchased iPhones and overpaid for their iPhones or otherwise suffered economic losses due to Apple's monopolization of the relevant smartphone markets. *See* Ex. 1 (*Goldfus* Compl); Ex. 2 (*Kolinsey* Compl.); Ex. 3 (*Levine*  Compl.); Ex. 4 (*Kurtz* Compl.); Ex. 5 (*Collins* Compl.); Ex. 6 (*Schermer* Compl.); Ex. 7 (*Dwyer* Compl.); Ex. 8 (*Chiuchiarelli* Compl); Ex. 9 (*Miller* Compl.) and Ex. 10 (*Loewen* Compl)

Plaintiffs further allege that Apple unlawfully maintains its monopoly power and harms competition by imposing contractual restrictions, fees and taxes on app creation and distribution, specifically Super Apps and Cloud Streaming Apps.  *See* Ex. 1 (*Goldfus* Compl); Ex. 2 (*Kolinsey* Compl.); Ex. 3 (*Levine*  Compl.); Ex. 4 (*Kurtz* Compl.); Ex. 5 (*Collins* Compl.); Ex. 6 (*Schermer* Compl.); Ex. 7 (*Dwyer* Compl.); Ex. 8 (*Chiuchiarelli* Compl); Ex. 9 (*Miller* Compl.) and Ex. 10 (*Loewen* Compl).

Finally, Plaintiffs allege that Apple uses critical access points in the smartphone ecosystem to control the behavior and innovation of third parties in order to insulate itself from competition.  These "middleware" points are through Apple's messaging, smartwatches and digital wallets. *See*  Ex. 1 (*Goldfus* Compl); Ex. 2  (*Kolinsey* Compl.); Ex. 3 (*Levine*  Compl.); Ex. 4 (*Kurtz* Compl.); Ex. 5 (*Collins* Compl.); Ex. 6 (*Schermer* Compl.); Ex. 7 (*Dwyer* Compl.); Ex. 8 (*Chiuchiarelli* Compl); Ex. 9 (*Miller* Compl.) and Ex. 10 (*Loewen* Compl).

**B.    Common Claims, Legal Theories, and Relief Sought**

All 10 of the Related Actions bring the same two claims: (1) Monopolization of the Smartphone Market in the United States in violation of the federal antitrust law, the Sherman Act, 15 U.S.C. Section 2; and (2) Attempted Monopolization of the Smartphone Market in the United States in violation of the federal antitrust law, the Sherman Act, 15 U.S.C. Section 2; and (2). *See* Ex. 1 (*Goldfus* Compl); Ex. 2 (*Kolinsey* Compl.); Ex. 3 (*Levine* Compl.); Ex. 4 (*Kurtz* Compl.); Ex. 5 (*Collins* Compl.); Ex. 6 (*Schermer* Compl.); Ex. 7 (*Dwyer* Compl.); Ex. 8 (*Chiuchiarelli* Compl); Ex. 9 (*Miller* Compl.) and Ex. 10 (*Loewen* Compl).

Eight of the Related Actions also allege monopolization and attempted monopolization of a separate relevant market: the Performance Smartphone Market under the same federal antitrust law, the Sherman Act, 15 U.S.C. Section 2. *See, e.g.*, *See* Ex. 2 (*Kolinsky* Compl.); Ex. 3 (Levine Compl); Ex. 5 (*Collins* Compl.); Ex. 6 (*Schermer* Compl.); Ex. 7 (*Dwyer* Compl.) Ex. 8 (*Chiuchiarelli*, Compl.); Ex. 9 (*Miller* Compl.)

Seven of the Related Actions allege state law claims.  Three cases allege violations of the California Unfair Competition Law *See, e.g.*, *See* Ex. 7 (Dwyer Compl); Ex. 8 (*Chiuchiarelli*, Compl.) and Ex. 9 (*Mille*r Compl.)  Three cases alleges violations of the New Jersey Antitrust Act; Ex. 1 (*Goldfus* Compl.); Ex. 2 (*Kolinsky* Compl); Ex. 3 (*Levine* Compl).  Finally, one case alleges a tying claim under the federal antitrust law, the Sherman Act. *See* Ex. 8 (*Chiuchiarelli*, Compl.).

For relief, Plaintiffs in the Related Actions seek all seek damages, declaratory relief, injunctive relief, attorney fees and other further relief as is just under the circumstances.

As suggested by the nature of the allegations and the size of the putative class, the Related Actions will involve complex and voluminous electronic discovery. This will include discovery and analysis of Apple's software and hardware, involving engineering experts.  It will require a market analysis requiring economic experts, and it will require a damages analysis, also

requiring experts.  Should the cases remain in separate districts, there will inevitably be duplicative motions, depositions, and production of documents.

### C.    Similar Class Definitions

The proposed class definitions in the Related Actions substantially overlap and are largely similar.  The 10 class actions all involve consumers who purchased iPhones within a relevant time period.   If multiple proposed classes in the Related Actions were to be certified, complicated and inconsistent outcomes would almost certainly ensue.

### D.    Similar Procedural Postures

All the Related Actions are in similarly preliminary procedural postures. The Related Actions were all filed between March 21, 2024 and April 2, 2024.  No responsive pleadings or dispositive motions have been filed in any Related Action at the date of this filing.

The largest cohort of Related Actions (6 of 10 actions) is in the Northern District of California, which is also where the causes of actions arise, the defendant is headquartered and where the witnesses reside.

## II.    __ARGUMENT__

As set forth below, the JPML should grant this motion to transfer the Related Actions, and any similar tag-along actions that may be filed, to the Northern District of California for consolidated or coordinated pretrial proceedings. The Related Actions are complex and involve common facts, claims, legal theories, relief sought, and overlapping proposed class definitions. Similar issues will necessarily arise in each of the Related Actions, which will benefit significantly from pretrial consolidation or coordination. The Northern District of California has the technology and ability to handle complex class actions against large technology companies. Finally, the Northern District of California would be the most convenient location for Plaintiffs and Apple for consolidated or coordinated pretrial proceedings because it is the geographic center of the Related Actions, and because the majority of the actions are already pending there.

**A.     The Related Actions Should Be Centralized for Consolidated or Coordinated Pretrial Proceedings.**

The "basic purpose" of multidistrict litigation is to secure the "just, speedy and inexpensive determination of every action." *In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1972). Section 1407 permits transfer and centralization of cases that are pending in different districts if (1) the cases "involve one or more common questions of fact"; (2) transfer and centralization "will promote the just and efficient conduct of such actions"; and (3) transfer and centralization will further the "convenience of the parties and witnesses." 28 U.S.C. § 1407(a). The aim of § 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)). Transfer of the Related Actions for consolidated or coordinated pretrial proceedings will satisfy each of these requirements and will advance § 1407's underlying objectives.

**1.     Transfer is appropriate because the Related Actions involve complex common questions of fact and law.**

The JPML has consistently held that cases involving overlapping complex factual and legal issues are particularly appropriate for transfer and centralization for consolidated or coordinated pretrial proceedings—even if the parties and claims are not identical, or if there are differing legal theories or remedies sought. *See In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (finding transfer appropriate notwithstanding different parties and legal theories because "[a]ll actions share factual issues arising from allegations concerning BNY Mellon's provision of foreign exchange [] services to its clients"); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1366 (J.P.M.L. 2005) (holding that the "presence of differing theories or remedies is outweighed when the underlying actions still arise from a common factual core, as the actions do here"); *In re Radiation Incident at Washington*, 400 F. Supp. 1404, 1405 (J.P.M.L.

1975) (holding that six actions in two federal districts should be centralized into a single MDL because there were common questions of fact, notwithstanding that factual questions relating to damages were unique to each action); *In re Multidistrict Private Civil Treble Damage Litig. Involving Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) (noting that the "potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring [] related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts").

Here, the Related Actions are putative class actions that arise from a common factual core, are all brought against the same defendant, and share identical and common legal claims and issues. Specifically, the Plaintiffs in the Related Actions all allege that they purchased iPhones and overpaid for their iPhone or otherwise suffered economic losses due to Apple's monopolization of in the relevant markets. Plaintiffs further allege that Apple unlawfully maintains its monopoly power and harms competition by imposing contractual restrictions, fees and taxes on app creation and distribution, specifically Super Apps and Cloud Streaming Apps.

Finally, Plaintiffs allege that Apple uses critical access points in the smartphone ecosystem to control the behavior and innovation of third parties in order to insulate itself from competition.  These "middleware" points are through Apple's messaging, smartwatches and digital wallets.

All of the Related Actions bring the same and similar claims for violation of federal and state antitrust laws and unfair competitional laws.

The Plaintiffs' allegations in each Related Action arise from the same and common factual issues concerning Apples's conduct, policies, and procedures related to its alleged monopoly and anticompetitive conduct.

> **2.    Transfer and centralization will promote the just and efficient conduct of the Related Actions.**

Section 1407's "remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491–93 (J.P.M.L. 1968). "It is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest." *Id.* at 493; *see also In re Tyson Foods, Inc. Chicken Raised Without Antibiotics Consumer Litig.*, 582 F. Supp. 1378, 1379 (J.P.M.L. 2008) (consolidating nine putative class actions because doing so would, among other things, "prevent inconsistent pretrial rulings (particularly with respect to class certification)"); *In re Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) (transferring four putative class actions to a single judge, stating that "a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated pretrial proceedings which will include an early resolution of such potential conflicts"). Equally important are § 1407's efficiency-related aims to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim*, 574 U.S. at 410; *see also In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) (finding that centralization would "eliminate duplicative discovery . . . and conserve the resources of the parties, their counsel, and the judiciary").

Here, due to the overlapping factual and legal theories, as well as the overlapping proposed class definitions, the Related Actions will involve many of the same pretrial issues. Such issues will include those related to class certification, discovery, and dispositive motions— all of which will benefit from centralized management and coordination.

As for discovery, the nature and scope of Plaintiffs' substantially similar allegations regarding Apple's conduct, policies, and practices, indicates that the quantity and complexity of discovery will be immense. If Plaintiffs continue to proceed in two different districts, they will

undoubtedly request much of the same data and many of the same documents and seek to depose many of the same witnesses. Transfer and centralization will help to eliminate duplicative discovery and depositions; reduce discovery-related travel, costs, and schedule conflicts; eliminate duplicative discovery disputes and motion practice; and avoid conflicting rulings on discovery disputes—all of which will save the time and effort of the parties, counsel, witnesses, and the judiciary.

On the other hand, addressing these issues district-by-district will likely result in duplication of effort and wasted resources, while increasing the risk of inconsistent rulings. *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (finding that centralization of cases would prevent inconsistent pretrial rulings); *In re Midwest Milk Monopolization Litig.*, 379 F. Supp. 989, 991 (J.P.M.L. 1974) (centralizing litigation, in part, because of "the salutary effect of placing control of the pretrial proceedings in this complex litigation in the hands of a single judge who, with an overall perspective of the entire litigation . . . can schedule the discovery to minimize the expense to the parties and maximize the just and expeditious termination of the litigation").

### 3. Transfer and Centralization Will Further the Convenience of the Parties and Witnesses.

Transfer and centralization will also serve the overall "convenience of the parties and witnesses" consistent with § 1407(a). *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, 2018 U.S. Dist. LEXIS 170489, at *2–3 (J.P.M.L. Oct. 3, 2018) (noting that the JPML looks to the "overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation"). As stated above, the elimination of duplicative discovery would significantly increase convenience for the parties (especially Apple) and witnesses.

Additionally, a majority of the Related Actions (6 of 10) filed their complaints in the Northern District of California, indicating that this is the most convenient forum for them to litigate this matter.

Transfer and centralization will also be more convenient for witnesses because the design and testing of the product at issue in all the Related Actions, the iPhone, occurred in the Northern District of California, and the employees and witnesses reside in the Northern District of California.

In sum, transfer of the Related Actions to a single district court for coordinated or consolidated pretrial proceedings is appropriate under § 1407 because the Actions share numerous and complex common issues of fact and law, and because centralization would promote the just and efficient conduct of the Actions and serve the overall convenience of parties, witnesses, and the courts.

### B.    The Related Actions Should Be Transferred to and Centralized in the Northern District of California.

The JPML considers numerous factors when determining the most appropriate transferee forum. Such factors include the relative number of cases pending in each jurisdiction, the district in which the cases with the broadest allegations are pending, the transferee forum's experience in managing class actions and complex litigation, and whether the district is in a geographically central and accessible metropolitan location. *See, e.g., In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020) (transferring to forum that was "the clear center of gravity for this litigation," in large part because of the "sizeable number of actions" pending there); *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1343 (J.P.M.L. 2018) (noting that transferee district "provides a geographically central and convenient location for the parties and witnesses"); *In re Bayer Healthcare LLC, Merial Limited Flea Control Prods. Mktg. & Sales Practices Litig.*, 844 F. Supp. 2d 1369, 1370 (2012) (noting the "experience of [the assigned judge] to guide this litigation to a prudent course" as a factor in assignment); *In re Viagra Prods. Liab. Litig.*, 414 F. Supp. 2d 1357, 1358 (2006) (selecting a transferee district with "a jurist experienced in complex multidistrict litigation" and "with the capacity to handle this litigation"); *In re Jamster Mktg. Litig.*, 427 F. Supp. 2d 1366,

9

1367 (2006) (transferring to district that offered "an accessible metropolitan location"); *In re Midwest Milk Monopolization Litig.*, 379 F. Supp. 989, 991 (J.P.M.L. 1974) (choosing transferee district, in significant part, because it "has become the center of gravity of this litigation" and because it is the venue of "the action containing the broadest allegations," despite recognizing that "other concentrations of litigation" existed in two other states).

If the Panel finds centralization is warranted, the Panel does not use a single factor to select the transferee district. Manual for Complex Litigation (4th ed.) § 20.131 (2004). Instead, the Panel considers where the largest number of cases is pending; where discovery has occurred; where cases have progressed furthest; the site of the occurrence of the common facts; where the cost and inconvenience will be minimized; and the experience, skill, and caseloads of available judges. *Id.* Here, the Northern District of California is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions for several reasons.

First, the Northern District is the center of gravity of this litigation. As previously mentioned, the majority (6 of 10) of the Related Actions are already pending in the Northern District.

Second, no case has progressed the furthest and no discovery has occurred in any case yet. This factor does not tip in any district's favor at the time of filing this motion. All of the cases were filed within one week of each other, March 21, 2024 to April 2, 2024. All the cases are in their preliminary stages and no responsive pleadings (answers or motions to dismiss) have been filed in any of the cases.

Third, the Northern District of California is the site of the occurrence of the common facts. The design, testing and implementation of the product at issue, the iPhone, occurred in the Northern District of California. Apple is headquartered in Cupertino, CA, which is located in the Northern District of California. Apple's employees and witnesses who will be deposed for these

Related Actions reside in the Northern District of California. The Northern District of California is the site of the occurrence of most of the common facts.

Fourth, the Northern District of California is the location where the cost and inconvenience will be minimized.  The Northern District of California is geographically in the middle of where the Related Actions are pending.  The Northern District of California is an easily accessible metropolitan area.  There are three airports in the Northern District of California: Oakland, San Jose and San Franscisco. The Northern District of California meets the criteria of providing a geographically central forum.

Finally, the Northern District of California has experienced, skilled and available judges to oversee this multi-district litigation.  The largest technology companies in the country are headquartered in the Northern District of California. The judges in the Northern District of California are skilled and experienced in handling multi-district litigation and particularly multi-district litigation with a defendant technology company, such as Apple.  The judges in the Northern District of California are particularly experienced in handling the complex discovery that occurs with a large technology company.

For the foregoing reasons, Plaintiff Chiuchiarelli respectfully suggests that the Northern District of California is the forum best suited for centralization of the Related Actions.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Chiuchiarelli, April Yamaichi, Kiyomi Ishii and Richard Hopper respectfully requests that the JPML grant their motion to transfer the Related Actions that are class actions from the various United States District Courts in which they are now pending to the Northern District of California for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Dated: April 3, 2024                            */s/ Karin B. Swope*

JOSEPH W. COTCHETT (SBN 36324)
ADAM ZAPALA (SBN 245748)
ELIZABETH CASTILLO (SBN 280502)
GRACE PARK (SBN 239928)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
gpark@cpmlegal.com

KARIN B. SWOPE (*pro hac vice forthcoming*)
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272
kswope@cpmlegal.com

Attorneys for Plaintiffs Jennifer B. Chiuchiarelli,
April H. Yamaichi, Kiyomi Ishii, and Richard K.
Hopper and the Proposed Class in *Chiuchiarelli, et
al. v. Apple, Inc.*, No. 5:24-cv-01895-SK (N.D. Cal.)

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: Apple Inc. Smartphone Antitrust Litigation** | MDL No. 3113 |

**AMENDED SCHEDULE OF ACTIONS**[1]

| | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1. | **Plaintiff:** Shoshi Goldfus **Defendant:** Apple, Inc. | District of New Jersey (Newark Div.) | 2:24-cv-04108-MEF-LDW | Michael E. Farbiarz |
| 2. | **Plaintiffs** Christina Kolinsky Sidney Rossie **Defendant**: Apple Inc. | District of New Jersey (Newark Div.) | 2:24-cv-4232-MEF-LDW | Judge Michael Farbiarz |
| 3. | **Plaintiff:** Louis Levine **Defendant** Apple Inc. | District of New Jersey (Newark Div.) | 2:24-cv-42840-MEF-LDW | Judge Michael Farbiarz |
| 4. | **Plaintiff** Stacey Kurtz **Defendant** Apple Inc. | District of New Jersey (Newark Div.) | 2:24-cv-4355-MEF-LDW | Judge Michael Farbiarz |
| 5. | **Plaintiffs:** Deborah Collins, Hunter Collins, and Henry Morales **Defendant:** | N.D. California (San Francisco Div.) | 3:24-cv-01796-RS | Judge Richard Seeborg |

---

[1] The Schedule of Actions filed on March 30, 2024 listed the following action which Plaintiff is not requesting transfer:  United States of America v. Apple Inc 2:24-cv-04055-MEF-LDW, in the District of New Jersey before the Honorable Michael E. Farbiarz.

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Apple, Inc. | | | |
| 6. **Plaintiff:** Jared Schermer **Defendant:** Apple, Inc. | N.D. California (Oakland Div.) | 4:24-cv-01815-KAW | Mag. Judge Kandis A. Westmore |
| 7. **Plaintiff:** Richard Dwyer Aimen Halim **Defendant** Apple Inc. | N.D. California (San Francisco Div.) | 3:24-cv-1844-LB | Maj. Judge Laurel Beeler |
| 8. **Plaintiffs:** Jennifer B. Chiuchiarelli, April H. Yamaichi, Kiyomi Ishii, and Richard K. Hopper **Defendant:** Apple, Inc. | N.D. California (San Jose Div.) | 3:24-cv-01895-SK | Mag. Judge Sallie Kim |
| 9. **Plaintiffs** Christoper Miller Angela Boykin **Defendant** Apple, Inc. | N.D. California (San Francisco Div.) | 3:24-cv-01988-SK | Mag. Judge Sallie Kim |
| 10. **Plaintiff:** Erick Loewen **Defendant** Apple Inc. | N.D. California (San Francisco Div.) | 3:24-cv--2006 | No Judge Assigned as of 4/2 |